**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION**

| | | |
|---|---|---|
| PENNY SEVART, | § | CIVIL ACTION NO. |
| PLAINTIFF, | § | |
| | § | |
| v. | § | 4:20-CV-00081 |
| | § | |
| PLAINS ALL AMERICAN GP LLC, | § | |
| DEFENDANT. | § | JURY DEMANDED |

<u>PLAINTIFF'S COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT COURT:

**Plaintiff PENNY SEVART ("Plaintiff")** files this Complaint and would respectfully show the Court as follows:

<u>PARTIES</u>

1.      Plaintiff is an individual who currently resides in Midland County, Texas.

2.      **Defendant PLAINS ALL AMERICAN GP LLC ("Defendant")** is a is a foreign limited partnership incorporated in Delaware with its principal place of business located in Houston, Texas.  Defendant may be served with process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E 7th Street, Suite 620, Austin, TX 78701-3218.

<u>JURISDICTION AND VENUE</u>

3.      Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has federal question jurisdiction because the action arises under Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. §12117(a), Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-5(f)(3), and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623(a).

4.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's

state law claims which are so related to the claims within the Court's original jurisdiction that they

form part of the same case or controversy under Article III of the U.S. Constitution.

5.      Venue is proper in the U.S. District Court for the Western District of Texas pursuant

to 42 U.S.C. § 1391(b) because the unlawful practices alleged below were committed therein.

<u>EXHAUSTION OF ADMINISTRATIVE PROCEDURES</u>

6.      Plaintiff timely filed a Charge of Discrimination with the Equal Employment

Opportunity Commission (EEOC).  Plaintiff received a Notice of Right to Sue (RTS Notice) from

the EEOC on or about September 23, 2020.  Plaintiff filed this suit within ninety (90) days.  A true

and correct copy of the RTS Notice is attached as Exhibit A.

<u>CONDITIONS PRECEDENT</u>

7.      All conditions precedent have been performed or have occurred.

<u>FACTS</u>

8.      Employers MUST have a workplace that is free from discrimination and

harassment on the basis of protected characteristics including age and sex.

9.      Employers MUST prevent disability discrimination against employees to protect

employees from financial injuries and emotional trauma.

10.     When not an undue burden, employers MUST provide reasonable accommodations

to the known disabilities of employees to protect employees from financial injuries and emotional

trauma.

11.     Defendant is an Employer.

12.     Defendant MUST prevent disability discrimination against employees to protect

employees from financial injuries and emotional trauma.

13.     Defendant MUST have a workplace that is free from discrimination and harassment on the basis of age.

14.     When not an undue burden, Defendant MUST provide reasonable accommodations to the known disabilities of employees to protect employees from financial injuries and emotional trauma.

15.     Defendant owns and operates midstream energy infrastructure and provides logistics services for crude oil, natural gas liquids, and natural gas.  It owns an extensive network of pipeline transportation, terminal, storage, and gathering assets in key crude oil and natural gas liquid producing basins and transportation corridors and at major market hubs in the United States and Canada.

16.     Defendant hires Plaintiff as an Administrative Assistant.  Defendant employs Plaintiff for almost 37 years.  Defendant assigns Plaintiff to the Midland Basin District tank farm starting in approximately 2002.

17.     In 2018, Plaintiff qualifies for short-term disability due to pleurisy, costochondritis, and blood clot in her lungs.

18.     Defendant hires Eric Holland approximately 6 years ago. He climbs the ranks from pipeliner and is promoted to District Manager on or about September 1, 2018.

19.     On Plaintiff's first day back at work, Defendant's District Manager Eric Holland tells her that she had missed too much sick time.

20.     He tells her that for the last five years as long as he has known her, she has been a lousy employee.

21.     District Manager Eric Holland tells Plaintiff that she is always sick, late, and leaves early.

22.     Defendant's District Manager Eric Holland tells Plaintiff that he tried to replace her but was not successful, so he is stuck with her for the time being.

23.     Plaintiff is stunned as Holland has never supervised her before.

24.     Defendant's District Manager Eric Holland writes Plaintiff up in April 2019.  This is the first and only writeup in Plaintiff's entire career.

25.     In the meeting, Plaintiff asks Defendant's District Manager Eric Holland if the write-up is in retaliation for taking short-term disability.  He never answers the question.

26.     One of the things that District Manager Eric Holland writes Plaintiff up for is "consistent failure to update tracking sheets for scheduled budgetary meetings."  He identifies the date of one meeting: 3-15-19

27.     District Manager Eric Holland also writes Plaintiff up for "working unauthorized overtime on multiple occasions."  He identifies four dates: 1-26-19, 4-1-19, 4-2-19, and 4-15-19.

28.     District Manager Eric Holland writes, "Performance is consistently below average of the Administrative assistant job scopes within the Division."

29.     Plaintiff occasionally misses work to help her 86-year-old father who lives with her.  Plaintiff is his primary caregiver.

30.     HR Manager Lorne Isham tells Plaintiff that she has to choose between her job and her family; she cannot take care of both.

31.     Plaintiff questions her co-worker, Business Analyst Jacie Ferguson, about whether she was behind on her work.  The business analyst tells her it is not true.

32.     On at least one of the occasions when Plaintiff is accused of working unauthorizes overtime, the internet is down, and Plaintiff has to work late after it comes back up.

33.     District Manager Eric Holland also makes offensive comments about women. Plaintiff is the only female employee at her work location.

34.     Even though there are three bathrooms, District Manager Eric Holland does not designate one for women.

35.     Plaintiff complains about the use of foul language in the office.

36.     Defendant requires Plaintiff to bring a doctor's note for every absence.

37.     Defendant requires Plaintiff to account for her time strictly.

38.     Other employees are not required to account for their time strictly.  In other words, other employees take time off without noting it in their timesheets.

39.     Defendant's company policy requires a doctor's note only for absences of three days or more.

40.     Other employees are not required to bring doctors' notes every time they miss work.

41.     Only one other employee is required to bring a doctor's note every time, and he also has a medical condition.

42.     Plaintiff tries to transfer to two other jobs, but she does not get them.

43.     On November 13, 2019, Plaintiff sends a text to her supervisors requesting to take a day of vacation for a family emergency.  Defendant tells Plaintiff to bring a doctor's note to excuse the emergency.

44.     Defendant terminates Plaintiff's employment when she returns.

45.     Plaintiff still has vacation available at the time of her termination.

46.     Plaintiff has worked for Defendant for over 36 years.

COUNT ONE - DISABILITY DISCRIMINATION (ADA) –
FAILURE TO ACCOMMODATE AND TERMINATION

47.     Plaintiff incorporates by reference and re-alleges reference all of the forgoing and further alleges as follows:

48.     Plaintiff is an employee within the meaning of the Americans with Disabilities Act (ADA).  *See* 42 U.S.C. §12111(4).

49.     Defendant is an employer within the meaning of the ADA.  *See* 42 U.S.C. §12111(5).

50.     Plaintiff is a qualified individual with a disability as defined by the ADA.  *See* 42 U.S.C. §12102, 12111(8).

51.     Plaintiff has a physical impairment that substantially limits a major life activity; has a record of disability; or has been regarded as having such an impairment by Defendant.  42 U.S.C. §12102(1)

52.     Plaintiff is otherwise qualified to perform the essential functions of her job as an administrative assistant.

53.     Defendant violated the ADA by failing to accommodate Plaintiff's disability by, among other things, not allowing her to take limited leave.   In the alternative, Defendant intentionally discriminated against Plaintiff by treating her differently by subjecting her to more scrutiny than able-bodied employees, subjecting her to higher performance standards, and/or firing her because of her disability.

54.     Defendant violated the ADA by failing to engage in the interactive process and terminating Plaintiff's employment.

55.     To the extent that Defendant offers Plaintiff's performance as the reason for her termination, such reason is a pretext for discrimination.  Alternatively, the reason(s) given for

Plaintiff's termination, while true, are only some of the reasons, and Plaintiff's disability was a motivating factor in the decision to terminate her employment.  In other words, Defendant had mixed motives for Plaintiff's termination.  Plaintiff is not required to elect to pursue a pretext or mixed motive claim until submission of the case to the jury.

56.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

<u>COUNT TWO-TITLE VII-SEX DISCRIMINATION</u>

57.    Plaintiff incorporates by reference and re-alleges all of the foregoing and further alleges as follows:

58.    Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely she is female.  *See* 42 U.S.C. §2000e-5(f).

59.    Defendant is an employer within the meaning of Title VII.  *See* 42 U.S.C. §2000e(b).

60.    Defendant intentionally discriminated against Plaintiff by submitting her to a hostile work environment based on sex and/or terminating her employment because of sex.

61.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of punitive damages.

62.    To the extent that Defendant contends that Plaintiff was fired for a legitimate non-discriminatory reason, said reason is a mere pretext for discrimination.  Alternatively, the reason(s) given for Plaintiff's termination, while true are only some of the reasons, and Plaintiff's sex was a motivating factor in the decision to terminate her employment.  In other words, Defendant had mixed motives for Plaintiff's termination.

## COUNT THREE – AGE DISCRIMINATION (ADEA)

63.     Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

64.     Plaintiff is an employee within the meaning of the Age Discrimination in Employment Act of 1967 (ADEA).  *See* 29 U.S.C. §630(f).

65.     Defendant is an employer within the meaning of the ADEA.  *See* 29 U.S.C. §630(b).

66.     Plaintiff is a qualified individual with at least 40 years of age as defined by the ADEA.  *See* 29 U.S.C. §631(a).

67.     To the extent that Defendant offers Plaintiff's performance as the reason for her termination, such reason is a pretext for discrimination.  Plaintiff would not have suffered adverse employment action "but for" her age.

68.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.  Defendant's conduct was willful and justifies an award of liquidated damages.

## COUNT FOUR – AGE DISCRIMINATION
## CHAPTER 21 OF THE TEXAS LABOR CODE

69.     Plaintiff incorporates by reference all of the foregoing and further alleges as follows:

70.     Plaintiff is an employee within the meaning of Texas Labor Code §21.002(7) and belongs to the class of employees protected under the statute, namely employees over the age of 40.  *See* Texas Labor Code §21.101.

71.     Defendant is an employer within the meaning of the Texas Labor Code §21.002(8).

72.     Defendant intentionally discriminated against Plaintiff because of her age in violation of the Texas Labor Code by terminating her employment.

73.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages.

74.    Defendant's conduct was willful and justifies an award of punitive damages.

INTERSECTIONAL DISCRIMINATION

75.    Alternatively, Defendant has discriminated against Plaintiff on the basis of the combination of two protected traits, namely, Defendant discriminated against Plaintiff because she is an older woman.

DAMAGES

76.    Plaintiff was discharged from employment by Defendant.   Although she has diligently sought other employment, she has been unable to find a job with comparable pay and benefits.   Plaintiff suffered damage to her pension or retirement benefits.   Plaintiff seeks compensation for all back pay and lost wages and benefits, including loss of social security benefits.   Reinstatement to Plaintiff's previous position is impractical and unworkable.   Plaintiff suffered and seeks damages for pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.   Plaintiff is entitled to punitive damages because Defendants' actions were willful and/or deliberately indifferent to Plaintiff's federally protected rights.

ATTORNEY'S FEES

77.    Plaintiff was forced to engage counsel to protect her rights.   Plaintiff is entitled to an award of attorneys' fees and costs (including but not limited to an award of reasonable expert witness fees), both trial and appellate, under the ADEA, 29 U.S.C. § 626(b), the ADA and Title VII, 42 U.S.C. §2000e-5(f)(3), and/or Texas Labor Code § 21.259.

## INTEREST

78.     Plaintiff is entitled to prejudgment and post judgment interest at the highest lawful rate.

## JURY TRIAL DEMAND

79.     Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against Defendant for the following:

a.  Compensatory and punitive damages;

b.  Back pay and front pay;

c.  Liquidated damages;

d.  Attorney's fees and costs;

e.  Prejudgment and post-judgment interest;

f.  Such other and further relief, at law or in equity, to which Plaintiff may show herself justly and lawfully entitled.

Respectfully submitted,


By: /s/ Holly B. Williams
        Holly B. Williams
        Texas Bar No. 00788674

**WILLIAMS LAW FIRM, P. C.**
1209 W Texas Ave
Midland, TX 79701-6173
432-682-7800
432-682-1112 (fax)
holly@williamslawpc.com

**ATTORNEY FOR PLAINTIFF**
**PENNY SEVART**

*EXHIBIT A*

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: **Penny Sevart**<br>**6104 Crystal Sky Ln.**<br>**Midland, TX 79705** | From: **El Paso Area Office**<br>**100 N. Stanton St.**<br>**6th Floor, Suite 600**<br>**El Paso, TX 79901** |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **453-2020-00414** | **Jessie E. Moreno,**<br>**Investigator** | **(915) 995-8844** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

ELIZABETH PORRAS
Digitally signed by ELIZABETH PORRAS
DN: c=US, o=U.S. Government, ou=Equal Employment Opportunity Commission, cn=ELIZABETH PORRAS, 0.9.2342.19200300.100.1.1=d5001002771434
Date: 2020.09.23 08:30:14 -06'00'

for        September 23, 2020

**Lucy V. Orta,**
**Area Office Director**

*(Date Mailed)*

Enclosures(s)

cc:
**Jon A. Bluebond**
**Vinson & Elkins LLP**
**1001 Fannin St., Ste. 2500**
**Houston, TX 77006**

**Holly B. Williams**
**Williams Law Firm, P.C.**
**1209 W. Texas Ave.**
**Midland, TX 79701**